UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSE ROHENA and MIDDLEMEN SERVICE PROFESSIONALS, LLC, | ) ) ) | |
| *Plaintiffs*, | ) ) | 1:23-cv-01336-JMS-KMB |
| *vs.* | ) ) ) | |
| AION MANAGEMENT, LLC a/k/a AP MERIDIAN HILLS TIC 1 LLC, AP CREEKSIDE TIC 1 LLC, and AP GEORGETOWN TIC 1 LLC, | ) ) ) ) ) | |
| *Defendants.* | ) | |

## **ORDER**

Plaintiff Middlemen Service Professionals, LLC has filed an Amended Complaint in which it alleges that this Court has diversity jurisdiction over this matter.[1] The Court notes that the following issue—the same issue identified in the Court's September 13, 2023 Order, [Filing No. 9]—is still present in the Amended Complaint:

- Despite Plaintiff's allegations that each entity is "incorporated" under the laws of various states, the Court surmises that because each entity named (including Middlemen Service Professionals, LLC) has "LLC" in its name, each entity is actually an unincorporated association. To the extent that each entity is an unincorporated association, Plaintiff has not adequately alleged each entity's citizenship. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient.

---

[1] The Court notes that although the original Complaint named Jose Rohena as an additional Plaintiff, the Amended Complaint only names Middlemen Service Professionals, LLC as a Plaintiff. Accordingly, the Court **DIRECTS** the Clerk to **TERMINATE** Jose Rohena as a Plaintiff in this matter.

> *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction). Rather, Plaintiff must provide the name and citizenship of each member, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists. *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file a Second Amended Complaint by **October 26, 2023**, which addresses the issue outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction. Defendants need not answer or otherwise respond to the Amended Complaint at which this Order is directed. Defendants are cautioned, however, that when they do respond to the Second Amended Complaint, and to the extent that they deny any of Plaintiff's jurisdictional allegations or state that they do not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is

- 3 -

necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 10/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**