UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIDDLEMEN SERVICE PROFESSIONALS, LLC, | ) ) ) | |
| *Plaintiff*, | ) ) | 1:23-cv-01336-JMS-KMB |
| *vs.* | ) ) ) | |
| AION MANAGEMENT, LLC a/k/a AP MERIDIAN HILLS TIC 1 LLC, AP CREEKSIDE TIC 1 LLC, and AP GEORGETOWN TIC 1 LLC, | ) ) ) ) ) | |
| *Defendants*. | ) | |

## **ORDER**

Plaintiff Middlemen Service Professionals, LLC has filed a Second Amended Complaint in which it alleges that this Court has diversity jurisdiction over this matter and has filed its Rule 7.1 Disclosure Statement. The Court notes the following issue with Plaintiff's jurisdictional allegations in its Third Amended Complaint:

- Plaintiff has pled some or all of its jurisdictional allegations on information and belief. Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply

by stipulating that it exists. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

As for Plaintiff's Rule 7.1 Disclosure Statement, Fed. R. Civ. P. 7.1(a)(2) provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Plaintiff's Rule 7.1 Disclosure Statement does not provide its citizenship. Rather, it only states that "Plaintiff declares that it has no parent corporation and no publicly traded corporation currently owns 10% or more of its stock." [Filing No. 14.]

For these reasons, the Court **ORDERS** Plaintiff to file a Third Amended Complaint and an Amended Rule 7.1 Disclosure Statement by **November 10, 2023**, which address the issues outlined in this Order and properly allege a basis for this Court's diversity jurisdiction. Defendants need not answer or otherwise respond to the Amended Complaint at which this Order is directed. Defendants are cautioned, however, that when they do respond to the Second Amended Complaint, and to the extent that they deny any of Plaintiff's jurisdictional allegations or state that they do not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

- 3 -

Date: 10/27/2023

                                        Hon. Jane Magnus-Stinson, Judge
                                        United States District Court
                                        Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**