UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIDDLEMEN SERVICE PROFESSIONALS, LLC,  )<br>  )<br>  *Plaintiff,*   )<br>  )   1:23-cv-01336-JMS-KMB<br>  *vs.*  )<br>  )<br>AION MANAGEMENT, LLC a/k/a AP  )<br>MERIDIAN HILLS TIC 1 LLC, AP CREEKSIDE  )<br>TIC 1 LLC, and AP GEORGETOWN TIC 1  )<br>LLC,  )<br>  )<br>  *Defendants.*  ) | |

## **ORDER**

This Order addresses Plaintiff's Unopposed Motion to Amend Case Caption, [Filing No. 34], and Defendants' Rule 7.1 Disclosure Statement, [Filing No. 31].

**I.**
**PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE CAPTION**

Plaintiff filed its Unopposed Motion to Amend Case Caption, [Filing No. 34], in response to the Court's January 18, 2024 Order requiring the parties to confer regarding the proper name of Defendant AION Management, LLC a/k/a AP Meridian Hills TIC 1 LLC, after Defendants alleged it was incorrectly named, [Filing No. 27; *see* Filing No. 30]. Plaintiff indicates that it has conferred with Defendants and that Defendant AION Management, LLC a/k/a AP Meridian Hills TIC 1 LLC should actually be named as two Defendants—Defendant AION Management, LLC and Defendant AP Meridian Hills TIC 1 LLC. [Filing No. 34.] Accordingly, the Court **GRANTS** Plaintiff's Unopposed Motion to Amend Case Caption, [34], and **DIRECTS THE CLERK** to update the case caption as follows: (1) change Defendant AION Management, LLC a/k/a AP

Meridian Hills TIC 1 LLC to Defendant AION Management, LLC; and (2) add Defendant AP Meridian Hills TIC 1 LLC.

## II.
### DEFENDANTS' RULE 7.1 DISCLOSURE STATEMENT

Plaintiff's Complaint alleges that this Court has diversity jurisdiction over this matter. Federal Rule of Civil Procedure 7.1(a)(2) provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Defendants have filed a Rule 7.1 Disclosure Statement, but they do not adequately provide their citizenships as unincorporated associations. A limited liability company is an unincorporated association. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint . . . was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation omitted). In other words, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). This means that if any member "is itself a partnership or [LLC], then the identity of each member of each of these entities must be traced until we reach a corporation or natural person." *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) (citations omitted). "[I]t is jurisdictionally meaning[less] to allege that an LLC has a parent corporation, given that the LLC's citizenship for . . . diversity purposes is determined

by the citizenship of the LLC's members." *Busch v. Lee Enters., Inc.*, 2009 WL 5126799, at *1 (S.D. Ill. Dec. 21, 2009) (quotations and citations omitted).  Further, asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient.  *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.,* 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas,* 487 F.3d at 534 ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction).

For each Defendant, Defendants assert that "[the Defendant] is a wholly owned subsidiary of [another company]"—as opposed to identifying who the Defendant's *members* are—and then traces ownership through a complex structure of companies, alleging numerous times that some companies are "owned by numerous individuals" without providing information as to those individuals and even alleging ownership by some "unknown" individuals/entities. [Filing No. 31 at 2.]  Defendants also state that the "information constitutes the extent of Defendants' knowledge about their ownership structure.  It would be unduly burdensome (if not impossible) for Defendants[] to provide further specification, and it requests that it be excused from further disclosure under Fed. R. Civ. Pro. 7.01."  [Filing No. 31 at 3.]

The Court should not have to explain how this language is insufficient and ambiguous.  As explained above, the citizenship of an LLC is the citizenship of its *members*, all of whom must be identified.  Defendants must provide the name and citizenship of each *member*, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists.  The Court will not give a pass on its obligation to ensure jurisdiction just because Defendants cannot follow their own ownership structure.

- 4 -

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, Defendants are **ORDERED** to file an Amended Rule 7.1 Disclosure Statement by **February 21, 2024**, which adequately sets forth the citizenship of all members of each Defendant. The parties are then **ORDERED** to confer and file a Second Joint Jurisdictional Statement properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000 exclusive of interest and costs no later than **TWO WEEKS** after the filing of Defendants' Amended 7.1 Disclosure Statement.

Date: 2/6/2024

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**