UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIDDLEMEN SERVICE PROFESSIONALS, LLC, | ) ) ) | |
| *Plaintiff,* | ) ) | 1:23-cv-01336-JMS-KMB |
| *vs.* | ) ) ) | |
| AION MANAGEMENT, LLC; AP MERIDIAN HILLS TIC 1 LLC; AP CREEKSIDE TIC 1 LLC; and AP GEORGETOWN TIC 1 LLC, | ) ) ) ) ) | |
| *Defendants.* | ) ) | |

## SHOW CAUSE ORDER

Plaintiff's Third Amended Complaint alleges that this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a)(1). [Filing No. 17.] Defendants' Answer to Plaintiff's Third Amended Complaint admitted that the Court had diversity jurisdiction over the matter yet also indicated that Defendants lacked sufficient information to admit all of the jurisdictional allegations. [Filing No. 26.] Because this left the Court unable to determine the facts upon which diversity jurisdiction were based, the Court ordered the parties to conduct whatever investigation was necessary and file a joint jurisdictional statement properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. [Filing No. 27.] The parties each filed their own jurisdictional statements because the parties did not agree as to each party's jurisdictional allegations. [Filing No. 33; Filing No. 35.] In addition to filing their jurisdictional statement, Defendants filed their Rule 7.1 Disclosure Statement. [Filing No. 31.] Defendants' Rule 7.1 Disclosure Statement, however, did not adequately provide the citizenship of each Defendant, so the Court ordered Defendants to file an amended Rule 7.1

Disclosure Statement properly setting forth the citizenship of all members of each Defendant. [Filing No. 36.]  The Court also ordered the parties to confer and file a second joint jurisdictional statement after Defendants filed their Amended Rule 7.1 Disclosure Statement.  [Filing No. 36.]

Defendants filed their Amended Rule 7.1 Disclosure Statement, and the parties have now filed their second Joint Jurisdictional Statement, which is the subject of this Order.  [Filing No. 43; Filing No. 44.]  Although the parties filed the second Joint Jurisdictional Statement together, their allegations as to the Court's diversity jurisdiction differ.  Plaintiff alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that the Court has jurisdiction over civil matters exceeding $75,000 exclusive of interests and cost and where there is complete diversity of citizenship.  [Filing No. 44 at 1-2.]  Defendants, however, allege that the Court does not have diversity jurisdiction because there is not complete diversity of citizenship.  [Filing No. 44 at 2.]  Specifically, Defendants note that Plaintiff is a citizen of Connecticut, and that three of the four Defendants have members who are citizens of Connecticut, among several other states. [Filing No. 44.]  Plaintiff also indicates in a footnote that it "intends to move the court for limited jurisdictional discovery for Defendants' LLC members asserted to reside and domicile in [Connecticut]," but has not done so to date.  [Filing No. 44.]

In addition to the lack of complete diversity, there are several other problems with the parties' second Joint Jurisdictional Statement that prohibit the Court from ensuring it has jurisdiction.  First, Defendants allege that two trusts are amongst the owners of Meridian Hills TIC 1 LLC, AP Creekside TIC 1 LLC, and AP Georgetown TIC 1 LLC, but they do not provide the citizenship of either trustee.  Second, Defendants allege that "an unaffiliated investor entity" is amongst the owners of Meridian Hills TIC 1 LLC, AP Creekside TIC 1 LLC, and AP Georgetown TIC 1 LLC without disclosing what "an unaffiliated investor entity" is or what citizenship it has.

Third, Defendants allege that Tremada Holdings LLC is amongst the owners of Meridian Hills TIC 1 LLC, AP Creekside TIC 1 LLC, but nowhere provides Tremada Holdings LLC's citizenship.

"The party invoking diversity jurisdiction (most often the plaintiff) bears the burden of showing its existence." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010)).  "And, as the Supreme Court has long instructed, federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction." *Page*, 2 F.4th at 634 (citation omitted).

Based on the representations provided by the parties as to their citizenships, the Court does not have jurisdiction over this matter.  Specifically, the parties' representations show that they share Connecticut citizenship.  Despite Defendants' complex business structure,[1] the burden to

---

[1] The Court takes this moment to discuss to Defendants' complex business structure and representations to the Court regarding their citizenship.  Each Defendant is a limited liability company.  "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its *members*." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation omitted) (emphasis added).  Thus, for jurisdictional statements, LLC's "must list the citizenship of each of its *members* . . . and if those members have members, the citizenship of those members as well." *Id.*  (emphasis added).  Although "the owners of a limited liability company are its members," 54 C.J.S. Limited Liability Companies § 23 (March 2024 Update); *see also* 51 Am. Jur. 2d Limited Liability Companies § 6 (Feb. 2024 Update) ("A 'membership interest' is an ownership interest in a limited liability company . . . ."), the law focuses on using the term "member" for the purpose of determining an LLC's citizenship. *See Thomas*, 487 F.3d at 534.  Because the focal point is on the "members," the most accurate and efficient way to communicate the citizenship of a complex structure is to use the word "member."  Defendants' representations as to citizenship, however, use the terminology "wholly owned subsidiary"; "subsidiary"; and "owned," without ever using "member." [*See* Filing No. 44 at 3-5.]  Instead of representing that Meridian Hills TIC 1 LLC "is a wholly owned subsidiary" of another LLC, "which is owned by" another LLC, which "is owned by" an individual and another LLC, "which is a wholly owned subsidiary" of another LLC, Defendants should strive to communicate more precisely, using the preferred term "member."  For example, the most efficient and clear way to ensure the Court that an LLC's citizenship has been adequately provided is to state, for example, that "Meridian Hills TIC 1 LLC has a sole member, who is in turn an LLC, which has three members," so on and so forth until all levels have been traced through.

establish jurisdiction remains on Plaintiff.  But the Court notes that without jurisdiction, it has no power to grant even limited discovery.  Plaintiff can pursue jurisdictional discovery in state court, which are courts of general jurisdiction.  *East Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 958 (7th Cir. 2021).  And if after such discovery, the evidence shows that diversity jurisdiction indeed exists, Plaintiff remains free to refile in an appropriate district court.

The Plaintiff is **ORDERED TO SHOW CAUSE** by **March 21, 2024** why this case should not be dismissed for lack of jurisdiction.  Failure to do so will result in this case being dismissed without further notice or opportunity to show cause.  The Court is skeptical that this case belongs in federal court and reminds counsel that they have a professional obligation to analyze subject-matter jurisdiction.  *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("Jurisdiction should be ascertained before filing suit in federal court . . . . Counsel have wasted the court's time, and their clients' money, by postponing essential inquiries . . . [which] often leads to a jurisdictional dismissal and the need to start over in state court.  Why take that risk?  Lawyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations.").  Certainly here, counsel for both sides have wasted the Court's time and their clients' money by failing to properly establish this Court's jurisdiction as evidenced by the Court's five (now six) orders regarding the parties' frequently deficient jurisdictional allegations.  [Filing No. 9; Filing No. 12; Filing No. 15; Filing No. 27; Filing No. 36.]

Date: 3/7/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

4